UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IRA JEROME ROSS (#498729), Plaintiff | CIVIL ACTION NO. 1:17-CV-1130 |
| VERSUS | JUDGE JAMES T. TRIMBLE JR. |
| WARNER BROTHERS PICTURES, CO., ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a complaint, motion to appoint counsel, and motion for leave to proceed *in forma papueris* (Docs. 1-3) filed by pro se Plaintiff Ira Jerome Ross ("Ross") (#498729). Ross is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Ross seeks damages for copyright infringement.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

Ross claims Defendants are liable to him for three hundred million dollars for "verbally designing the motion picture film (2015) titled 'Batman Versus Superman Dawn of Justice....'" (Doc. 1, p. 6). Ross maintains he "designed the complete movie from start to finish verbally," and "produced over 20 other movie titles for the Warner Brothers Pictures Company." (Doc. 1, p. 6). Ross complains Defendants failed to

locate and compensate him "the amount verbally invoiced at the time the movie was audio produced." (Doc. 1, p. 6).

II. Law and Analysis

   A. Ross is not entitled to proceed *in forma pauperis.*

Ross has filed several civil cases in federal court, at least three of which were dismissed as frivolous, malicious, or for failing to state a claim for which relief can be granted.[1] Recently, Ross raised this same copyright claim in the Central District of California. Ross's motion for leave to proceed *in forma papueris* was denied, and the case was dismissed as frivolous, malicious, or failed to state a claim for which relief could be granted. (2:17-cv-3523, C.D. Ca., Doc. 7). The court noted that the complaint lacked sufficient factual matter to "state a claim to relief that is plausible on its face." (2:17-cv-3523, C.D. Ca., Doc. 7) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A prisoner shall not be granted pauper status under § 1915 if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Ross has had three cases dismissed a frivolous,

---

[1] Ross v. Warner Brothers Pictures Co., 2:17-cv-3523 (C.D. Ca.); Ross v. Corrections, et al., 5:16-cv-0327 (W.D. La.); Ross v. La. Dept. of Corrections, 1:15-cv-1943 (W.D. La.).

malicious, or for failing to state a claim, and he is not in imminent danger of serious physical injury, Ross is not entitled to proceed *in forma pauperis*.

B. Venue for Ross's claim is not proper in this District Court.

Ross alleges he "verbally" created the movie script "Batman v. Superman: Dawn of Justice," and he seeks damages for copyright infringement. (Doc. 1, p. 6). Venue for a copyright infringement claim is governed exclusively by a special provision of the Copyright Act, which provides that infringement claims may be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); Time, Inc. v. Manning, 366 F.2d 690, 696 (5th Cir. 1966) (noting that § 1400(a), not § 1391(a), governs venue for copyright infringement claims). Ross alleges that Defendants reside in Burbank, California. Thus, venue is not proper in this District.

Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The California court has reviewed Ross's claim and found it implausible. Thus, dismissal rather that transfer best serves the interest of justice.

C. Ross is not entitled to appointment of counsel.

The appointment of counsel in a civil case is a privilege and not a constitutional right. It should be allowed in civil actions only in exceptional cases. See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982) (citing Hardwick v. Ault, 517 F.2d 295, 298

3

(5th Cir. 1975). Ross has provided no exceptional circumstances that would warrant the appointment of counsel in his copyright infringement case. Moreover, Ross does not state a plausible claim, and his claim has already been dismissed by the Central District of California.

## III. Conclusion

For these reasons, IT IS RECOMMENDED that Ross's motion for leave to proceed *in forma pauperis* (Doc. 2) and motion for appointment of counsel (Doc. 3) are hereby DENIED.

IT IS RECOMMENDED that Ross's complaint be DISMISSED without prejudice for improper venue, rather than transferred, because the complaint fails to state a plausible claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of September, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge